**Vincent KELLAM, Plaintiff–Appellant,**

v.

**BRIDDLE; et al., Defendants– Appellees.**

No. 00–16990.

D.C. No. CV–97–01481–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001.*

Decided July 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Vincent Kellam, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and affirm.

■ With respect to his claim against defendant Briddle, Kellam failed to establish a genuine issue of material fact as to how the alleged shortcomings of Briddle's report created a risk to Kellam's safety or how Briddle could have protected Kellam from harm. With respect to the attack that occurred when Kellam was housed at the prison where defendants Platt and Jackson worked, because there is no evidence in the record establishing the identity of his attacker, Kellam failed to establish a genuine issue of material fact that Platt and Jackson failed to protect him from gang members. Finally, with respect to his claims against Welch, Kellam failed to submit any evidence that he was harassed, threatened or attacked while under Welch's care. Accordingly, the district court did not err by granting summary judgment to these defendants on Kellam's Eighth Amendment claims. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

■ With respect to his claims against McDonald and Childs, because Kellam failed to present evidence that he informed them his prosthesis was damaged and failed to counter their evidence that they did not have the authority to reassign him to a different tier, the district court did nor err by granting summary judgment to these defendants. *See Farmer*, 511 U.S. at 837; *Frost v. Agnos*, 152 F.3d 1124, 1129–30 (9th Cir.1998).

We reject Kellam's remaining contentions as meritless and deny all pending motions.

AFFIRMED.